## EL PUEBLO v. LUGO.

APELACIÓN procedente de la Corte de Distrito de Ponce.

MOCIÓN del Fiscal desistiendo de la apelación.

No. 490.—Resuelto en diciembre 20, 1912.

Desistida la apelación a instancia del Fiscal.

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

La parte apelada no compareció.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey; juez disidente: Sr. MacLeary.

VOTO PARTICULAR DEL JUEZ ASOCIADO SEÑOR MACLEARY.

En esta causa el Fiscal ha presentado un documento como representante del Pueblo de Puerto Rico, que es el apelante, en el que expresa que desiste de la apelación interpuesta contra la resolución u orden de sobreseimiento o absolución perentoria que fué dictada por la Corte de Distrito el día 20 de agosto último en la referida causa.

Si el Fiscal tiene facultad para hacer este desistimiento no tiene entonces la corte necesidad de dictar ninguna resolución en este caso, por cuyo motivo la resolución que dictó este Tribunal en 20 del corriente con la que no he estado conforme, es un papel de desperdicio y la corte ha hecho una cosa inútil.

Yo sostengo que en ningún caso tiene el Fiscal de esta corte el derecho a hacer un desistimiento en la forma en que lo ha hecho, sino que debe presentar una moción a la corte en forma adecuada solicitando el desistimiento de la apelación; y entonces la corte, si se mostrare una buena razón para ello, deberá dictar una orden de desistimiento; de lo contrario deberá negarse la moción. Al hacer la moción de desistimiento el Fiscal debe alegar alguna buena razón en la cual se funde. Deberá demostrar a la corte que la apelación fué interpuesta

impremeditadamente o que no hay probabilidad alguna de que pueda revocarse la sentencia u orden apelada, o que la sentencia dictada por la corte inferior fué justa y correcta, no obstante contener alguna informalidad o defecto, o alegará alguna otra buena razón sobre la que pueda actuar de modo inteligente este tribunal al conceder su moción.

Se siguió esta causa contra el acusado por el delito de hurto de un caballo. La corte sentenciadora ordenó al jurado que absolviera al acusado, porque, según se dijo, no existía prueba alguna contra dicho acusado excepto el hecho de encontrar el mismo en posesión del caballo robado y de haberlo vendido. La corte inferior cita en su opinión casos de California en apoyo de su resolución.

Es cierto que dicha posesión es solamente una circunstancia que tiende a probar la culpabilidad del acusado y puede suceder que el hecho de la posesión no sea bastante para que el jurado esté justificado en dictar un veredicto de culpabilidad. Pero éste es un hecho que debe someterse a la consideración del jurado, y si se le considera en relación con otros hechos y circunstancias que aparecen de la prueba, podría dar lugar a que el jurado encontrara culpable al acusado según la acusación. Los autos contienen algunos otros hechos como el que se refiere a que la posesión del objeto robado ocurrió prontamente después del robo y la venta del caballo a que se ha referido la corte, habiéndose dicho que él vendió el caballo en $40, parte al contado y parte a crédito. El hecho relativo a que la suma de $40 fuera un precio equitativo no aparece de los autos. Si fué demasiado pequeño, esa sería una circunstancia que habría que considerarla en contra del acusado. Aparece, además, que el acusado trajo el caballo sin la silla a la casa de uno de los testigos por la noche, habiéndole pedido prestada una silla al testigo al siguiente día, y salió con el caballo para la casa de un vecino a quien se lo vendió, dejándole la silla. Se ha demostrado, además, que el acusado era vecino del dueño del caballo y se desapareció del vecindario en donde ambos

vivían hacia la época en que se echó de menos el caballo, no volviéndose a ver luego por allí, y que el caballo fué vendido en otro barrio a aquel en que el dueño vivía; y, además, que ni el acusado ni ninguna otra persona trató de explicar el motivo por el cual se encontraba en posesión del animal, lo que según se ha dicho ocurrió poco tiempo después del robo. Todas estas consideraciones debieron haberse sometido al jurado mediante las debidas instrucciones, para que pudiera emitir su veredicto.

Es muy probable que si este tribunal hubiera podido tomar en consideración todo este caso, hubiera revocado la sentencia que dictó la corte inferior y ordenado que se celebrara un nuevo juicio. De todos modos existe duda suficiente en cuanto a la cuestión para que estuviera justificada la corte en desestimar la moción de desistimiento.

Tomando en consideración todas estas cosas y circunstancias, no creo que estuvo justificada esta corte al dictar su resolución sobre desistimiento de esta apelación.